**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Christian, | No. CV-20-08316-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying her application for SSA disability benefits. Plaintiff filed her Opening Brief (Doc. 14) on June 17, 2021. Defendant filed a Response Brief on July 19, 2021, (Doc. 15), and Plaintiff filed her Reply Brief (Doc. 16) on July 21, 2021. The Court has reviewed the briefs and Administrative Record (Doc. 10, "R.") and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.    Background**

On August 20, 2014, Plaintiff protectively filed an application for a period of disability and disability benefits with an alleged onset date of June 1, 2011. (R. at 18). An ALJ issued an unfavorable decision on April 13, 2017. (R. at 15). The Appeals Council denied Plaintiff's request for review. (R. at 1). This appeal followed.

The ALJ found that Plaintiff suffered from the following severe impairments: "unspecified myalgia/myositis; history of obesity, status-post gastric bypass; mild degenerative changes of the cervical spine; depressive disorder; generalized anxiety

disorder; and post-traumatic stress disorder . . . ." (R. at 20). Plaintiff's obstructive sleep apnea and diabetes mellitus, the ALJ found, were non-severe. (R. at 20–21). The ALJ also found that Plaintiff's residual functional capacity ("RFC") permitted her to do some light work and that she could perform simple instructions and tasks so long as she does not come into regular contact with the general public or consumer complaints. (R. at 22). Ultimately, the ALJ found that there were jobs that Plaintiff could perform in the national economy. (R. at 28).

On appeal, Plaintiff claims that the ALJ erred in reviewing the evidence by assigning little weight to the opinion of Dr. Kenneth Epstein. (Doc. 14 at 16).

## II.     Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a

"severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. Analysis

Plaintiff argues that the ALJ failed to properly weight the opinion of Dr. Epstein, who she claims is her treating physician. (Doc. 14 at 17). Generally, an ALJ weights a treating physician's opinion more heavily than a non-treating physician's opinion. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). However, "[a]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (cleaned up). "When faced with contradictory opinions, the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject a treating physician's opinion." *Belanger v. Berryhill*, 685 F. App'x 596, 598 (9th Cir. 2017).

The record contains a "Fibromyalgia Questionnaire" completed by Dr. Epstein in 2014. (R. at 583–87). In it, Dr. Epstein states that he first treated Plaintiff on April 3, 2012, and then on for every six to twelve months until January 8, 2014. (R. at 583). He opines that Plaintiff would need to take unscheduled breaks every thirty to sixty minutes in an eight-hour workday. (R. at 587). In addition, he opines that during an eight-hour workday, plaintiff can only sit for two hours and stand or walk for less than one hour. (*Id.*) Finally, he opines that Plaintiff can "Never/Rarely" use her hands to grasp, turn, or twist

objects, nor could she use her fingers for fine manipulations. (R. at 586).

Upon examining Dr. Epstein's opinion, the ALJ found the record did not "support the level of limitation on the use of the hands or on the claimant's need for constant unscheduled breaks." (R. at 26). Furthermore, the ALJ found that Dr. Epstein's name only appeared on one treatment note, and that the remainder of the treatment was performed by a nurse practitioner. (R. at 25). The ALJ, therefore, declined to grant Dr. Epstein the special weight assigned to a treating physician because "[o]ne visit with a provider does not constitute a treating relationship." (*Id.*).[1] For these reasons, the ALJ assigned Dr. Epstein's opinion little weight. (*Id.*)

In the briefing, Plaintiff does not challenge the ALJ's finding that Dr. Epstein should not be afford special weight as a treating physician, and Defendant does not address this issue, either. The Court recognizes that sometimes it "is not necessary, or even practical, to draw a bright line distinguishing a treating physician from a non-treating physician." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1038 (9th Cir. 2003) (quoting *Ratto v. Sec'y, Dep't of Health & Human Servs.*, 839 F. Supp. 1415, 1425 (D.Or. 1993)). Despite the potential of a middle ground, both parties assume Dr. Epstein should be considered a treating physician. Plaintiff frames her challenge to the ALJ's decision as if Dr. Epstein were her "treating physician." (Doc. 14 at 16). Defendant, likewise, presents its legal standards and analysis as if Dr. Epstein were a treating physician. (Doc. 15 at 5–6).

The parties' omission of this issue is immaterial because, even under the more stringent requirements for dismissing a treating physician's opinion, the Court finds the ALJ did not err in assigning little weight to the opinion. To begin, the ALJ appropriately noted that Dr. Epstein only treated Plaintiff once. (R. at 26).[2] The frequency of treatment

---

[1] To support this decision, the ALJ cited Social Security Ruling ("SSR") 96-2p. (R. at 25). The SSR, cites to a regulation stating that a treating source must have an "ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1527. SSR 96-2p has since been rescinded. Rescission of Social Security Rulings 96–2p, 96–5p, and 06–3p, 82 Fed. Reg. 15263 (Mar. 27, 2017). However, because Plaintiff filed her claim in August 2014, a treating source is still considered a physician that has an "ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527 (applying to claims filed before March 27, 2017).

[2] During the one visit that Plaintiff had with Dr. Epstein, she was being treated for pain in her left eye. (R. at 396).

and examination is a proper consideration in evaluating what weight to give a medical opinion. 20 C.F.R. § 404.1527(c)(2)(i). The ALJ also found the record does not support Dr. Epstein's opinion that Plaintiff had very limited use of her hands. (R. at 26). In the paragraph preceding his analysis of Dr. Epstein's opinion, the ALJ cited the treatments notes from Dr. Jane Barnwell, whom the ALJ found to be a treating physician, and the notes consistently show "normal fine motor control and that any deficits in motor strength are secondary to subjective complaints of pain symptoms." (R. at 25). Finally, the ALJ cited to evidence in the record that does not support the claimed limitations in an eight-hour workday. In particular, the ALJ noted that Plaintiff is training to become a certified nursing assistant, which is performed at the medium exertional level, suggesting a greater ability to work than Dr. Epstein had opined. (R. at 24–25). The ALJ also cited two other medical opinions that state Plaintiff can perform light work. (R. at 26). In sum, the Court finds that the ALJ properly afforded Dr. Epstein's opinion little weight while citing specific, legitimate reasons supported by substantial evidence. *See Belanger*, 685 F. App'x at 598.

**IV.    Conclusion**

Because the ALJ did not err in assigning little weight to Dr. Epstein's opinion, it is not necessary to address whether to remand this matter for computation of benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly.

Dated this 31st day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge